STATE OF NEBRASKA, APPELLEE, v. ALVARO ALVAREZ, APPELLANT.

202 N. W. 2d 600

Filed November 24, 1972. No. 38443.

C. F. Fitzke and James T. Hansen, for appellant.

Clarence A. H. Meyer, Attorney General, Warren D. Lichty, Jr., and Robert G. Avey, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The defendant, Alvaro Alvarez, was charged with the unlawful sale of cannabis. He was tried before a jury on December 1, 1971, a verdict of guilty was returned, and the court imposed a sentence of 1 to 2 years in the Nebraska Penal and Correctional Complex. He then perfected his appeal to this court. He makes the following assignments of error: (1) The court erred in denying his motion for absolute discharge because of the failure of the State to bring him to trial within the period provided by sections 29-1205 to 29-1209, R. S. Supp., 1971, which became effective April 30, 1971; (2) the court erred in denying his motion for a directed verdict because the conviction is not sustained by the evidence; and (3) the court erred in refusing to give a requested instruction on a claimed "lesser included offense" of possession of cannabis.

We first consider the claim of the defendant with reference to the sufficiency of the evidence. We conclude that the contention of the defendant is well founded and that the verdict should have been directed for him. This makes it unnecessary to consider the other assignments.

The State's theory of the case is that the defendant aided and abetted one Wagner in the sale of marijuana. The evidence against the defendant consisted of the

testimony of an undercover agent hired by the State and local authorities to procure evidence of marijuana and drug violations. The testimony of the agent briefly summarized is as follows.

The witness had first met Wagner in October 1970. In December 1970, he encountered Wagner at a lunch counter in Scottsbluff. At that time Wagner told the agent and the agent's associate that he, Wagner, had a friend who had marijuana for sale for $15 a lid. The agent agreed to buy a lid and the witness' associate agent, in the presence of the witness, gave Wagner $15. The three persons then, at Wagner's direction, drove to a residence in Scottsbluff where Wagner got out, went into the residence, returned, and angrily reported the marijuana was not where it was supposed to be. Wagner then directed the agents to drive to an apartment house in the 1100 block of Avenue C, Scottsbluff. The three went to a particular apartment. Wagner knocked on the door. There was no response. Wagner forced an entry into the apartment through a rear window and admitted the agents. The agents, apparently alarmed at the method of entry, said they had to leave. Wagner told them if they would come back about 5:30 p.m., he would give them the marijuana. The agents left. Wagner remained at the apartment.

At about 6:15 p.m., the agents returned to the apartment and knocked on the door. The door was opened, they were greeted by the defendant Alvarez and one Brown, and were invited to come in. Alvarez at that time had a large bottle of wine and appeared to be inebriated. The defendant asked the agents why they were there. They told him they were there to pick up the marijuana Wagner had promised them. Brown then stated the marijuana was in the refrigerator. He walked to the refrigerator, opened the door, removed four plastic bags of marijuana, and offered them their choice of the bags. At this point the defendant interjected, saying, "Take that one," giving as a reason that

it was the biggest. At the same time he indicated he would like to have a marijuana cigarette before the two agents left. Brown then interfered and suggested the defendant leave also. During this occurrence there were other unidentified persons in the apartment. Alvarez left with the agents and they dropped him off at a pizza parlor.

The State by other evidence had earlier established that the substance in the bags was marijuana. At the close of the State's case Alvarez moved for a directed verdict. The court denied the motion.

The defendant took the stand in his own behalf and testified he was too intoxicated to remember what had occurred at the apartment. Wagner testified he placed the marijuana in the refrigerator during the afternoon and that Alvarez was not there at the time.

The apartment belonged to or was leased by Brown. He also testified. He stated he came home about 6 p.m. Alvarez was lying in the middle of the living room floor and had been drinking wine as was evidenced by one empty and one partly filled jug. It was at this time the agents rapped on the door. Brown woke Alvarez. When asked by the newcomers about the marijuana Brown told them he knew nothing about it. Brown stated that at that time one of the persons present in the apartment said it was in the refrigerator. The agent in rebuttal testified that only Brown stated the marijuana was in the refrigerator.

Was the above evidence sufficient to permit the jury to find beyond a reasonable doubt that Alvarez aided and abetted Wagner in the sale of the marijuana?

Section 28-201, R. R. S. 1943, provides: "Whoever aids, abets or procures another to commit any offense may be prosecuted and punished as if he were the principal offender." The term sale as defined by the applicable statute, section 28-451(11), R. S. Supp., 1969, "includes barter, exchange, gift, or offer therefor, and each transaction made by any person, whether as prin-

cipal, proprietor, agent, servant, or employee."

This court has on many occasions defined what constitutes aiding and abetting. One of the more recent pronouncements is in the case of State v. Breaker, 178 Neb. 887, 136 N. W. 2d 161. We there said: ". . . Mere presence, acquiescence, or silence in the absence of a duty to act is not enough to constitute one an accomplice, and the knowledge that a crime is being or about to be committed does not constitute one an accomplice. . . . Aiding and abetting involves some participation in the criminal act or involves some conscious sharing in the criminal act, as in something that accused wishes to bring about, in furtherance of the common design, either before or at the time that the criminal act is committed, and it is necessary that he seeks by his action to make it succeed. . . . The advice or encouragement which will render one an accessory before the fact may be by acts, or words, but it must, to create guilt, be used with the intent to encourage and abet the crime. . . . The amount of advice or encouragement rendered is not material if it has effect in inducing the commission of the crime."

We have also said that to justify conviction on circumstantial evidence it is necessary that the facts and circumstances essential to the conclusion sought to be proved beyond a reasonable doubt, when taken together, be inconsistent with any reasonable hypotheses of innocence. State v. Williams, 183 Neb. 257, 159 N. W. 2d 549.

There is nothing in the record in this case to connect the defendant with the transaction which occurred earlier in the day between Wagner and the agents. Mere conjecture is insufficient. The defendant was present when the physical delivery by Brown took place. How the defendant came to be in Brown's apartment at that time, or whether his presence was intended to aid or facilitate the delivery of the marijuana, is pure speculation.

The State asserts that the statement of Alvarez to

the agents urging them to choose the largest of the four packages is sufficient to make him an aider and abettor. Without more than is established by the evidence it is not sufficient to show any purpose on Alvarez' part to aid and abet or give actual assistance or inducement to either Wagner or Brown. The State's own evidence of what the defendant stated would lead to the conclusion he hoped the agents would give him enough marijuana to "roll a bomber." If they had done so there would have been a separate crime in which the defendant would have participated. This would not have been the crime of either Wagner or Brown. When Brown produced the four bags and offered the undercover agents their choice whether Alvarez said anything or not did not or could not affect the transfer of the purchased marijuana one way or the other.

We conclude the court erred in not granting the motion of the defendant for a directed verdict.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

SPENCER, J., dissenting.

I respectfully dissent because I believe the evidence was sufficient to sustain the conviction of Alvarez as an aider and abettor.

WHITE, C. J., joins in this dissent.