The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Johnnie JACKSON, Defendant-Appellant.

No. 79CA0772.

Colorado Court of Appeals,
Div. III.

Jan. 8, 1981.

Rehearing Denied Feb. 5, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, John Daniel Dailey, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Barbara Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Johnnie Jackson, appeals the revocation of his probation and reinstatement of sentences for conspiracy to escape and escape. The issue raised is whether the speedy trial provision in the Interstate Agreement on Detainers, § 24–60–501, Art. III(a), C.R.S. 1973, applies to probation violation charges. We hold that it does not, and therefore affirm the judgment of the trial court.

Jackson was on probation in Colorado when he was convicted of burglary in Texas and imprisoned there. While he was incarcerated, a complaint alleging that he had violated the terms of his probation by, *inter alia,* committing a crime in Texas, was filed here in the El Paso County District Court. As a result, a bench warrant for his arrest was lodged with Texas authorities. Shortly thereafter, Jackson requested final disposition of the Colorado charges and/or a speedy trial. It was not until his release from the Texas prison on parole, some 214 days after the Colorado court received his motion, that he was taken into custody by the El Paso County sheriff and brought to Colorado. Thereafter, a revocation hearing was held, his probation was revoked, and his sentences were reinstated. On appeal, Jackson contends that the probation revocation complaint should have been dismissed on the ground that the 180-day "speedy trial" period prescribed by the Interstate Agreement on Detainers, § 24–60–501, C.R.S. 1973, had been exceeded.

■ Section 24–60–501, Art. III(a), C.R.S. 1973, provides that the speedy trial protection extends to "any *untried indictment, information,* or *complaint* on the basis of which a detainer has been lodged ...." (emphasis added) And, as stated in *Simakis v. District Court,* 194 Colo. 436, 577 P.2d 3 (1978): "The speedy trial provisions are designed to foster more effective treatment and rehabilitation by eliminating, as expeditiously as possible, the uncertainties surrounding *outstanding criminal charges.*" (emphasis added)

724

Moreover, "a probationer is not entitled to claim the full range of constitutional guarantees available to one who has not yet been convicted of a crime." *People v. Atencio*, 186 Colo. 76, 525 P.2d 461 (1974). And, generally, probation violators are not entitled to the benefits of interstate agreement on detainer acts. *See Note, The Interstate Agreement on Detainers: The Federal Role*, 31 *Vand.L.Rev.* 1017 (1978).

In dealing with the question before us, and with specific reference to the statutory reference to the phrase "untried indictment, information, or complaint," the Tennessee Criminal Appeals Court reasoned as follows:

> "The term 'untried' refers to matters which can be brought to full trial. In a probation revocation proceeding, the trial has already been held, and the defendant convicted. In such a hearing, the defendant comes before the court in a completely different posture than he does at his trial before conviction." *Blackwell v. State*, 546 S.W.2d 828 (Tenn.Cr.App.1976).

Although some courts have held otherwise, *see Gaddy v. Turner*, 376 So.2d 1225 (Fla. App.1979), we find the reasoning of the Tennessee court to be persuasive and therefore follow it.

Because of our disposition of this question we do not reach the issue of whether Jackson's actions would have been sufficient to trigger operation of the act.

Judgment affirmed.

SMITH and KIRSHBAUM, JJ., concur.