The **PEOPLE** of the State of Colorado, Plaintiff-Appellee, In the Interest of D.M., A Minor Child,

And Concerning, F. & B.M., Respondents-Appellants.

No. 81CA0936.

Colorado Court of Appeals, Div. III.

Aug. 19, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele, Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Shelley Gilman, Deputy State Public Defender, Littleton, for respondents-appellants.

KELLY, Judge.

D.M., a minor child on probation, appeals the denial of his timely motion to dismiss a petition for revocation of probation for failure to provide a speedy probation revocation hearing pursuant to § 16–11–206(4), C.R.S. 1973. We set aside the order and remand with directions.

It is uncontroverted that D.M. was in custody for 73 days between the time of filing of a petition for revocation of probation and the revocation hearing. Section 16–11–206(4), C.R.S. 1973 (1978 Repl. Vol. 8), provides:

"If the probationer is in custody, the [revocation] hearing shall be held within fifteen days after the filing of the complaint, unless delay or continuance is granted by the court at the instance or request of the probationer or for other good cause found by the court justifying further delay."

There is no parallel provision in the Juvenile Code.

■ D.M. asserts that § 16–11–206(4), C.R.S. 1973 (1978 Repl. Vol. 8) should apply to juveniles under the reasoning of *P.V. v. District Court,* 199 Colo. 357, 609 P.2d 110 (1980). In *P.V.,* the Supreme Court extended the protection of the speedy trial guarantee found in § 18–1–405(1), C.R.S. 1973 (1978 Repl. Vol. 8) to juveniles because "[f]undamental fairness requires no less."

*See People in the Interest of C.B.,* 196 Colo. 362, 585 P.2d 281 (1978). Here, as in *P.V.,* "[a]ny delay of juvenile proceedings, particularly beyond the limits of the speedy trial statute and rule, is injurious if not inimical to the purposes underlying that very system." Thus, we conclude that the speedy disposition of a revocation petition guaranteed to adults under § 16–11–206(4), C.R.S. 1973 (1978 Repl. Vol. 8), must be extended to juveniles.

Since this ruling does not affect the truth-finding function of a criminal trial, see *People v. Hardin,* 199 Colo. 229, 607 P.2d 1291 (1980), it shall be prospective only. Thus, it is effective only as to this case, cases now pending on appeal in which this issue has been raised, and petitions for revocation filed after the effective date of this appeal. *See Van Cleave v. Board of County Commissioners,* 33 Colo.App. 227, 518 P.2d 1371 (1973).

The People do not contest the application of § 16–11–206(4), C.R.S. 1973 (1978 Repl. Vol. 8) to juveniles, but argue that the trial court found good cause justifying the delay. In denying D.M.'s timely motion to dismiss, the trial court stated:

"[W]hile the Court regrets that the court calendar did not permit an earlier setting than today, the Court finds that that is indeed good cause and that it was [appropriate for D.M.] to be in a secure facility for that period of time ...."

In *Carr v. District Court,* 190 Colo. 125, 543 P.2d 1253 (1975), the Supreme Court held that chronic court congestion did not justify the extension of defendant's trial beyond the speedy trial deadline found in § 18–1–405, C.R.S. 1973 (1978 Repl. Vol. 8). The *Carr* court distinguished cases to the contrary from jurisdictions in which the statute permitted delay for "good cause." *See, e.g., People v. Yniquez,* 42 Cal.App.3d Supp. 13, 116 Cal.Rptr. 626 (1974). Since § 16–11–206(4), C.R.S. 1973 (1978 Repl. Vol. 8) permits delay for good cause, and § 18–1–405, C.R.S. 1973 (1978 Repl. Vol. 8) does not, *Carr* does not control the disposition of this case.

██ Recent cases have held that routine court congestion is not good cause for delay of a trial. *Groce v. Municipal Court,* 123 Cal.App.3d 800, 177 Cal.Rptr. 26 (1981); *State v. Alvarez,* 189 Neb. 276, 202 N.W.2d 600 (1972); II *ABA, Standards for Criminal Justice* § 12–2.3(b) (2d ed. 1980). However, a probation revocation proceeding is not the same as a trial. D.M. had already been adjudicated delinquent and was serving a sentence of probation. The constitutional considerations applicable to sentencing procedure are different from those applicable to the speedy trial guarantee. *See People v. Wilkerson,* 189 Colo. 448, 541 P.2d 896 (1975). Hence, we conclude that delay attributable to court calendar congestion may be a permissible cause for delay under § 16–11–206(4), C.R.S. 1973 (1978 Repl. Vol. 8).

██ Here, the trial court apparently took judicial notice that "the court calendar did not permit an earlier setting." However, not all court calendars are congested at all times, and we cannot review a determination that calendar congestion was good cause for delay when the determination is not based on evidence in the record. The prosecution has the burden of proving that docket congestion was sufficiently egregious as to be good cause for the delay. *Groce, supra.*

The order denying the motion to dismiss is set aside and the cause is remanded for further proceedings to enable the trial court to determine whether there was good cause for delay; the record shall then be recertified to this court for further review of the trial court proceedings.

SMITH and KIRSHBAUM, JJ., concur.