**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Donald NEWMAN, Defendant–Appellant.**

**No. 92CA0916.**

Colorado Court of Appeals, Div. IV.

July 1, 1993.

Rehearing Denied Sept. 9, 1993.

Certiorari Denied Jan. 31, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Cherner and Blackman, Barbara S. Blackman, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Donald Newman, appeals the trial court's order denying his motion to dismiss a petition for probation revocation because a hearing was not conducted within the 15 days authorized by § 16–11–206(4), C.R.S. (1986 Repl.Vol. 8A). Specifically, he now argues that a two-month delay violated his due process rights. We disagree and therefore affirm the order.

Defendant was placed on probation by the Adams County District Court following his guilty pleas to domestic violence and first degree criminal trespass. Subsequently, a summons and complaint was issued alleging various violations of the terms of his probation.

After two continuances, defendant failed to appear at the third hearing date and a warrant was issued for his arrest. Approximately four months later, defendant's Logan County defense counsel notified the prosecution that defendant was incarcerated in that county because of a violation of the terms of a deferred judgment. In effect, the prosecution was advised that defendant could be released for purposes of a revocation hearing as soon as the prosecution could bring him to the court.

Two months later, defendant appeared for a scheduled hearing in the Adams County Court and moved to dismiss based on the delay. The trial court determined that defendant caused the delay because he had failed to inform either the court or his Adams County counsel of his whereabouts. Further, because defendant was not in custody for any probation violation, the trial court denied defendant's motion.

Section 16–11–206(4), C.R.S. (1986 Repl. Vol. 8A) provides:

> If the probationer is in custody, the hearing shall be held within fifteen days after the filing of the complaint, unless delay or continuance is granted by the court at the instance or request of the probationer or for other good cause found by the court justifying further delay.

■ Absent any showing of harassment or prejudice to the defendant, the proper sanction for violation of § 16–11–206(4) is release of the probationer from custody and not dismissal of the petition. *People v. Clark*, 654 P.2d 847 (Colo.1982).

Defendant agrees that his incarceration was based upon a Logan County charge and not on any violation of his probation. Nevertheless, he maintains that dismissal of the complaint is required on due process grounds. We disagree.

■ In assessing whether a defendant's constitutional right to a speedy trial has been violated, we look to the impact of the delay upon the defendant's defense to the charge, the expense caused by the delay, the loss of evidence, or any other significant prejudice the defendant has suffered. *See Barela v. People*, 826 P.2d 1249 (Colo.1992). We conclude that a similar analysis should be applied in assessing defendant's contention in this case.

■ Here, much of the delay following the filing of the complaint was caused by defendant's failure to inform his defense counsel or the court of his whereabouts. The final two months, in our view, do not constitute a sufficient time interval to warrant a conclusion that the delay was excessive. *See Barela v. People, supra.* Conversely, defendant has failed to demonstrate that he has suffered any other prejudice.

The order is affirmed.

CRISWELL and PLANK, JJ., concur.