The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Justin HEIMANN, Defendant–Appellant.

No. 06CA0662.

Colorado Court of Appeals,
Div. A.

Nov. 29, 2007.

John W. Suthers, Attorney General, Corina Gerety, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NIETO.*

Defendant, Justin Heimann, appeals the prison sentence imposed upon revocation of his sentence to probation. We affirm.

Defendant pleaded guilty to an added count of attempted sexual assault on a child by one in a position of trust-victim fifteen to eighteen years old, a class five felony, in exchange for dismissal of the three original felony counts. He was charged as a result of incidents during which the nineteen-year-old defendant took two thirteen-year-old girls to his apartment, served them alcohol, and had sexual intercourse with them. This occurred on multiple occasions as to one of the two victims and on one occasion as to the other victim. The court sentenced defendant to three years probation with a ninety-day jail sentence.

Approximately six months later, the probation officer filed a complaint alleging defendant had violated the terms and conditions of his probation by failing to appear for two scheduled probation appointments; attending a party at which he drank alcohol, resulting in a blood alcohol content of .083; and violating his curfew by being out of his home at 3 a.m. The probation officer recommended a sentence to the Department of Corrections (DOC).

At the probation revocation hearing on January 12, 2006, defendant admitted two violations of his probation and requested that he be screened for a community corrections placement. The court accepted defendant's admission and defendant agreed to the February 16, 2006, sentencing date set by the court at the conclusion of the hearing. At the sentencing hearing, the court imposed a sentence of four years in the DOC, plus two years mandatory parole.

I.

Defendant contends the trial court committed reversible error by failing to revoke his probation within five days after the probation revocation hearing. We disagree.

Probation is a privilege, not a right. *People v. Ickler*, 877 P.2d 863, 866 (Colo. 1994). If the court finds that a defendant violated the terms and conditions of probation, it has the discretion to revoke that privilege and impose any sentence to which the defendant was subject upon conviction of the underlying crime. § 16–11–206(5), C.R.S. 2007; *People v. Santana*, 961 P.2d 498, 500 (Colo.App.1997). A defendant facing probation revocation is entitled to the minimum requirements of due process, including notice of the alleged probation violations and an opportunity to be heard. *People v. Atencio*, 186 Colo. 76, 78, 525 P.2d 461, 462 (1974). The procedure for the probation revocation hearing is set forth at section 16–11–206, C.R.S.2007.

Defendant claims he is entitled to reinstatement of probation because the February 16, 2006, hearing at which he was sentenced to prison occurred more than five days after he admitted two violations of probation at the revocation hearing held on January 12, 2006. He claims such a result is compelled by section 16–11–206(5), which states in pertinent part: "If the court deter-

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2007.

mines that a violation of a condition of probation has been committed, it shall, within five days after the said hearing, either revoke or continue the probation."

■ A statutory provision requiring, as here, that a decision of a court "be entered or filed within a definite time has generally been considered directory." *Shaball v. State Comp. Ins. Auth.,* 799 P.2d 399, 402 (Colo.App.1990). Such provisions are not jurisdictional unless a contrary intent is clearly expressed. Statutory time limitations are generally categorized as directory, not jurisdictional, unless time is of the essence, the statute contains negative language denying exercise of authority beyond the time period prescribed, or disregarding the relevant provision would injure public or private rights. *Id; see People v. Osorio,* 170 P.3d 796, 798 (Colo.App.2007) (similar holding applies to court rules).

The statute at issue does not contain language that precludes the court's action after the indicated time period. Further, we reject defendant's contentions that the inclusion of a time period for the court's action and the fact that section 16–11–206(5) does not expressly provide for a court's extension of that time period make the provision "jurisdictional in nature." *See Osorio,* 170 P.3d at 798; *In re Marriage of Helmich,* 937 P.2d 897, 899 (Colo.App.1997) (while General Assembly may limit jurisdiction of court to act, no statute will be held to limit court power unless "limitation is explicit from the language of the statute"); *cf. People in Interest of D.M.,* 650 P.2d 1350, 1352 (Colo.App.1982) (court calendar congestion may be permissible cause for delay under section 16–11–206(4), C.R.S.2007).

■ We further conclude that any violations of the statute did not injure any public or private right. Defendant has not indicated that he was affected in any way by the timing of the proceedings. At the January probation revocation hearing, defendant admitted violations of the terms and conditions of his probation. At the February hearing, he did not ask the court to reinstate his probation but, instead, argued for a community corrections placement against the prosecutor's argument for prison time. Further,

he received credit against his DOC sentence for the time spent in custody. Reversal is not warranted where defendant consented to a hearing outside the time period specified by statute and there is no showing that the timing affected the fairness of the proceeding or cast doubt on the reliability of its outcome.

## II.

■ Defendant next contends that his aggravated range sentence is unconstitutional under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because it was based on the prior conviction exception to the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which he claims is no longer valid. Our supreme court and divisions of this court have addressed this contention and rejected it. *See, e.g., Lopez v. People,* 113 P.3d 713, 723 (Colo.2005) (while there is "some doubt about the continued vitality of the prior conviction exception, . . . it remains valid after *Blakely*"); *People v. Nunn,* 148 P.3d 222, 225 (Colo.App.2006) (noting that Supreme Court has not overruled *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which is a basis for prior conviction exception, and has continued to recognize the exception). We will not reach a contrary conclusion. Here, the trial court unmistakably identified defendant's prior felony conviction as a basis for imposing an aggravated range sentence, which is sufficient to survive a *Blakely* challenge. *See DeHerrera v. People,* 122 P.3d 992, 993–94 (Colo.2005).

## III.

Defendant also contends the court abused its discretion by imposing an aggravated range sentence. We disagree.

■ We will not overturn a sentencing court's decision absent a clear abuse of discretion. *People v. Watkins,* 684 P.2d 234, 239 (Colo.1984). In exercising its discretion in sentencing, a trial court must consider the nature and elements of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating cir-

cumstances, and the public interest in safety and deterrence. *People v. Eurioste*, 12 P.3d 847, 850 (Colo.App.2000). The circumstances of a crime alone may justify the imposition of a lengthy sentence. *People v. Leske*, 957 P.2d 1030, 1043 (Colo.1998). Where the sentencing court finds several factors justify a sentence in the aggravated range, only one of those factors need be legitimate to support the sentencing decision. *Id.*

The class five felony of which defendant was convicted subjected him to a presumptive range sentence of one to three years in the DOC or, upon a finding of extraordinary aggravating circumstances, a sentence of up to six years in the DOC. *See* §§ 18–1.3–401(1)(a)(V)(A), (6), 18–3–405.3(1), C.R.S.2007. Defendant's sentence to four years in prison was within the range authorized by law.

At the sentencing hearing, the court discussed the impact of the crimes and harm to the victims caused by defendant's predatory conduct, defendant's failure to take advantage of the opportunity provided to him by his sentence to probation, his prior felony conviction, protection of the public, and the message to the community that would be imparted by the sentence imposed. Thus, the court considered the appropriate factors in sentencing. *See People v. Walker*, 724 P.2d 666, 669 (Colo.1986) (after having weighed factors relevant to sentencing decision, court is not required to engage in a point-by-point discussion of every factor when it explains the sentence to be imposed).

We find no abuse of discretion that would allow us to overturn the sentence imposed. *See People v. Fuller*, 791 P.2d 702, 708 (Colo. 1990) (appellate court must uphold sentence if it is within range required by law, is based on appropriate considerations as reflected in record, and is factually supported by circumstances of case); *People v. Mazzoni*, 165 P.3d 719, 723–24 (Colo.App.2006); *Eurioste*, 12 P.3d at 851.

The sentence is affirmed.

DAVIDSON, C.J., and NEY*, J., concur.