The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Ronald V. SMITH, Defendant–Appellant.

No. 05CA2503.

Colorado Court of Appeals,
Div. II.

April 3, 2008.

John W. Suthers, Attorney General, Cheryl Hone Canaday, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by Judge ROTHENBERG.

Defendant, Ronald V. Smith, appeals the order revoking his probation and the sixteen-year prison sentence imposed on him. We affirm in part, reverse in part, and remand with directions.

### I.

Defendant was charged with several counts of sexually related offenses involving his two stepdaughters. In December 1992, he pled guilty to one count of sexual assault on a child, a class four felony, and received a stipulated sentence of eight years of probation with certain conditions, including two years of jail with work release and offense-specific treatment. In August 1998, the court granted him permission to transfer his probation to Montana.

In June 1999, child pornography was discovered on a laptop computer defendant had been using at work and was also found on his home computer. Defendant was arrested on July 1, and on July 28, his Montana probation officer filed a motion to revoke his probation there.

On August 4, a similar motion to revoke probation was filed in Arapahoe County District Court. The motion filed in Colorado alleged, as relevant here, that defendant had violated the terms of his probation by committing a new offense, by failing to complete sex offender treatment, and by living in a household that included a four-year-old child.

Defendant was arrested, and on August 26, he appeared in Colorado before the district court. He denied the charges and was released on a personal recognizance bond. The court set the probation revocation hearing for December 16, and later continued it until April 20, 2000. However, on April 20, defendant was unable to appear because he was in federal custody on the child pornography charges arising in Montana. The parties agreed to reset the case, and on May 16, at the People's request, the district court issued a bench warrant that placed a hold on defendant.

In December 2001, defendant filed a request under the Interstate Agreement on Detainers (IAD) seeking a prompt disposition of the probation violation complaint filed in Colorado. The People took the position that he was not entitled to such relief, and that his case would be resolved when he completed his federal sentence. Defendant also filed several other documents with the court requesting, among other things, dismissal of the probation revocation complaint and vacation of the bench warrant.

The Arapahoe County District Court took no action until January 2004, when the prosecutor requested a writ requiring defendant to appear in court on February 13, 2004. The record does not disclose whether a hearing was held on that date, but it shows that on April 7, 2005, one day before defendant was scheduled to be released on his federal sentence, he was arrested pursuant to the district court's May 16, 2000 bench warrant.

The court conducted defendant's probation revocation hearing on June 23, 2005, it revoked his probation, and in September 2005, it sentenced him to sixteen years in prison and three years of mandatory parole. This was the maximum aggravated sentence for a class four felony.

Defendant contends that (1) the sixteen-year sentence imposed upon revocation of his probation violated *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and section 16–11–206, C.R.S.2007, and also constituted an abuse of the court's discretion; (2) his constitutional right to speedy trial was violated; (3) his statutory right to speedy trial was violated; (4) he is entitled to a hearing on the amount of presentence confinement he should receive; and (5) the three-year term of mandatory parole is illegal. The People concede defendant is entitled to discretionary parole, and we agree. Thus, we only address the first four arguments.

## II.

■ Defendant contends that because the original sentencing court did not find extraordinary aggravation, his later aggravated sentence is not one that "might originally have been imposed." According to defendant, the sentence violates section 16–11–206, offends the principles established in *Blakely*, and also constitutes an abuse of discretion. We disagree.

Section 16–11–206(5), C.R.S.2007, states, as relevant here, that "[i]f probation is revoked, the court may then impose any sentence or grant any probation ... which might originally have been imposed or granted." *See* Crim. P. 32(f)(5); *People v. McDaniels*, 844 P.2d 1257, 1258 (Colo.App.1992).

Hence, the trial court may impose a sentence greater than the applicable presumptive range if, based upon the evidence in the record of the sentencing hearing and the presentence report, the court concludes extraordinary aggravating circumstances are present. *See* § 18–1.3–401(6), C.R.S.2007; *People v. Walker*, 724 P.2d 666, 670 (Colo. 1986). The trial court must make specific findings detailing the specific extraordinary circumstances which constitute the reasons for varying from the presumptive sentencing range. § 18–1.3–401(7), C.R.S.2007; *Walker*, 724 P.2d at 670.

■ The presumptive sentencing range for the offense to which defendant pled guilty is two to eight years. § 18–1.3–401(1)(a)(IV), C.R.S.2007. A violation of the terms of probation may constitute an extraordinary aggravating circumstance under section 18–1.3–401(6). *Montoya v. People*, 864 P.2d 1093, 1096 (Colo.1993). Thus, if the sentencing court can identify events that occur after the time of the original penalty and justify a more severe penalty, on revocation of proba-

tion it can impose a sentence that is longer than the original sentence. *Id.* at 1095.

Defendant maintains that *Montoya* was wrongly decided by the supreme court, but we are bound by that precedent. *See People v. Close,* 22 P.3d 933, 936 (Colo.App.2000) (Colorado Supreme Court decisions are binding on the Colorado Court of Appeals), *aff'd,* 48 P.3d 528 (Colo.2002).

■ There are four factors on which the trial court may rely to impose a constitutionally valid aggravated sentence: (1) facts the defendant admits; (2) facts found by a jury as reflected in its verdict; (3) facts found by the court after the defendant has stipulated to judicial fact-finding for sentencing purposes; and (4) facts relating to prior convictions. The first three factors are considered *"Blakely*-compliant." The fourth is *"Blakely-*exempt." *Lopez v. People,* 113 P.3d 713, 723 (Colo.2005).

At the September 8, 2005, hearing, the district court observed that defendant had three felony convictions and "that at the time he was on probation in this case for sex assault on a child, he picked up this federal case which also involved children." The court stated "that these prior criminal histories alone justify [the] sentence," and "that treatment has been of questionable benefit to the defendant and as such, he remains a risk to the community."

Thus, the court imposed the sentence based, in part, on defendant's prior convictions, a *Blakely-*exempt factor. *See People v. Huber,* 139 P.3d 628, 630 (Colo.2006) (sentencing court did not err in aggravating the defendant's sentence for attempted sexual assault on a child and indecent exposure after revocation of a deferred sentence, based on the *Blakely-*exempt fact that defendant committed an offense while on sex offender status); *see also Lopez,* 113 P.3d at 731 ("One *Blakely-*compliant or *Blakely-*exempt factor is sufficient to support an aggravated sentence.").

We also reject defendant's contention that the district court abused its discretion in imposing an aggravated sentence. It is true the prosecutor recommended a twelve-year sentence "because of the age of the case, because [defendant] has served some time in the federal prison, and because he's done some period of probation and treatment." But the court was not bound by that recommendation and was justified in finding that a sixteen-year sentence was warranted based on the questionable benefit of treatment and defendant's risk to the community.

III.

■ Defendant next contends the delay by the court in sentencing him for violating his probation contravened his constitutional right to a speedy trial. We disagree.

■ Although a defendant has a constitutional right to a speedy trial, *Moody v. Corsentino,* 843 P.2d 1355, 1363 (Colo.1993), "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *see People v. Heimann,* 186 P.3d 77, 78, 2007 WL 4198386 (Colo.App. No. 06CA0662, Nov. 29, 2007) (a defendant facing probation revocation is entitled to the minimum requirements of due process, including notice of the alleged probation violations and an opportunity to be heard).

In *People v. Newman,* 867 P.2d 94, 95 (Colo.App.1993), a probation revocation case, a division of this court rejected the defendant's contention that his constitutional right to speedy trial was violated because there was a two-month delay before a hearing was held on the probation revocation complaint, and that dismissal of the complaint was required on due process grounds:

In assessing whether a defendant's constitutional right to a speedy trial has been violated, we look to the impact of the delay upon the defendant's defense to the charge, the expense caused by the delay, the loss of evidence, or any other significant prejudice the defendant has suffered. We conclude that a similar analysis should be applied in assessing defendant's contention in this case.

Here, much of the delay following the filing of the complaint was caused by defen-

dant's failure to inform his defense counsel or the court of his whereabouts. The final two months, in our view, do not constitute a sufficient time interval to warrant a conclusion that the delay was excessive. Conversely, defendant has failed to demonstrate that he has suffered any other prejudice.

*Id.* (citations omitted).

We assess the reasonableness of a delay in completing the final revocation hearing under the balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *See United States v. Scott*, 850 F.2d 316, 320 (7th Cir.1988) (balancing test for determining Sixth Amendment speedy trial violations, outlined in *Barker*, is applicable to Fifth Amendment guarantee of reasonably prompt probation revocation hearing). *Barker* identified four factors to be considered in evaluating whether a defendant has been deprived of the right to a speedy trial: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. at 530, 92 S.Ct. 2182. Some courts have added a fifth element, namely, the reason for the incarceration. *See Scott*, 850 F.2d at 320 (citing *Moody v. Daggett*, 429 U.S. 78, 86–87, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976)).

### A.

Here, we acknowledge that the six-year delay justifies an inquiry into the other three factors. *See Moody v. Corsentino*, 843 P.2d at 1364 (eight years is sufficient to warrant an inquiry into the other three factors). The second factor is also satisfied because defendant made several requests for a prompt revocation hearing. However, we conclude the reason for the delay—that defendant was incarcerated in another jurisdiction—is fatal to his constitutional claim.

The Nebraska Supreme Court addressed an analogous situation in *State v. Hernandez*, 273 Neb. 456, 730 N.W.2d 96 (2007). There, as here, the defendant was incarcerated in another jurisdiction, and the state charged him with violating probation. The Nebraska court held that, absent unusual circumstances, the state was not required to extra-

dite him to revoke his probation and to sentence him before the term of his foreign incarceration expired. The court observed that numerous other jurisdictions had addressed the issue of whether statutory or constitutional requirements for prompt disposition of probation violations were satisfied under similar circumstances, and that "[t]hose courts have almost uniformly concluded that a revocation hearing is reasonably prompt if it is held after a defendant's release from incarceration in another jurisdiction." *Hernandez*, 273 Neb. at 461, 730 N.W.2d at 100 (collecting cases).

In *Moody v. Daggett*, 429 U.S. at 86–87, 97 S.Ct. 274, the Supreme Court also held that a federal parolee imprisoned for a crime committed while on parole was not constitutionally entitled to a prompt revocation hearing when a parole violator warrant was issued and lodged with the institution of his confinement, but not served on him. The Court noted that the defendant's "real complaint" was that he hoped to serve his revoked sentence concurrently with the sentences for the present crimes. *Id.* But the Court in *Moody v. Daggett* concluded that deferral of an alleged parole violator's revocation hearing until execution of the parole violation warrant does not deprive the alleged violator of the opportunity to serve any sentence imposed for the parole violation concurrently with the sentences imposed for the crimes committed while the violator was on parole. *Id.* The Court reasoned that if the parole commission chose to revoke parole, it had the power to grant retroactively the equivalent of concurrent sentences, and to provide for unconditional or conditional release upon the violator's completion of the later sentences. *Id.* The Court observed that in cases where the parolee has been convicted of an offense plainly constituting a parole violation, a decision to revoke parole would often be "foreordained." Thus, it is more appropriate that such a hearing be held when the prediction as to the parolee's ability to live in society, rather than be incarcerated, is most relevant and accurate: at the expiration of the parolee's intervening sentence.

The Court in *Moody v. Daggett* also reasoned that the hearing required by *Morris-*

*sey* is only required *after* the alleged parole violator is taken into custody for the parole violation, which occurs when the warrant is executed after termination of the intervening sentence. The Court concluded the issuance of a warrant and the lodging of a detainer while the alleged violator is incarcerated elsewhere for a separate crime do not constitute taking the violator into custody for the parole violation. *Id.* at 89, 97 S.Ct. 274.

Therefore, we conclude the State of Colorado had no duty to set defendant's probation revocation hearing until after termination of his incarceration, which occurred on or about April 11, 2005, when he began his supervised parole in the federal case.

### B.

We also conclude defendant failed to show the type of prejudice required to establish a speedy trial violation.

█ Prejudice may include the impact of the delay upon the ability to present a defense, upon the availability of evidence, and upon the cost of the proceedings. But "the obvious prejudice of incarceration, in and of itself, is accorded relatively slight weight absent a showing that the defendant was thereby impaired in preparing a defense." *People v. Harris*, 914 P.2d 425, 430 (Colo.App.1995).

We acknowledge that if defendant had been tried and sentenced years earlier, he might have received a sentence concurrent with the federal sentence. However, he had no right to a concurrent sentence, and courts have consistently rejected the argument that a delay that might affect a defendant's ability to serve concurrent sentences is prejudicial within the meaning of the constitutional or statutory requirement of a prompt hearing. *See Hernandez*, 273 Neb. at 464, 730 N.W.2d at 102.

Accordingly, we conclude defendant's constitutional right to a speedy trial right was not violated.

### IV.

█ We also reject defendant's contention that his statutory right of speedy trial was violated.

Defendant cites a criminal rule and several statutory provisions in support of this contention. He asserts that Crim. P. 32(b)—which requires the imposition of a sentence without unreasonable delay—was violated because there was a six-year delay after the date of his guilty plea to the probation violation. He also contends the delay violated section 16–11–205, C.R.S.2007, outlining the procedure for the arrest of a probationer for revocation, and section 16–11–206(4), C.R.S. 2007, requiring a hearing to be held within fifteen days of filing of complaint when a probationer is in custody. We are not persuaded.

When we determine whether a defendant's statutory speedy trial rights have been violated, we consider each case on an ad hoc basis. *People v. Runningbear*, 753 P.2d 764, 768 (Colo.1988).

In *People v. Jackson*, 626 P.2d 723 (Colo. App.1981), the defendant contended the probation revocation complaint filed against him should have been dismissed because the 180–day "speedy trial" period prescribed by the IAD had been exceeded. The IAD provides that this speedy trial protection extends to "any untried indictment, information, or complaint on the basis of which a detainer has been lodged." § 24–60–501(III)(a), C.R.S. 2007.

However, the division concluded the speedy trial provision in the IAD did not apply to probation violation charges. *Jackson*, 626 P.2d at 724. The division reasoned that the term "untried" refers to matters which can be brought to a full trial, but in a probation revocation proceeding, the trial has already been held and the defendant has been convicted. *Id.; see Moody v. Corsentino*, 843 P.2d at 1372 (detainer placing a hold on a prisoner because of an unresolved sentencing determination in another jurisdiction arising from charges for which prisoner had already been convicted does not trigger procedural requirements of the IAD or the Uniform Mandatory Disposition of Detainers Act).

The other statutory references relied upon by defendant are inapplicable. Section 16–11–205 concerns arrest procedures, and we

find nothing in that statute to support defendant's speedy trial arguments. Section 16–11–206(4) provides: "If the probationer is in custody, the hearing shall be held within fifteen days after the filing of the complaint, unless delay or continuance is granted by the court at the instance or request of the probationer or for other good cause found by the court justifying further delay." But this provision addresses circumstances in which a probationer is in the custody of the same jurisdiction where he or she faces the revocation charges, and even in that situation, absent any showing of harassment or prejudice to the defendant, the proper sanction for violation of section 16–11–206(4) is the release of the probationer from custody. It is not dismissal of the petition. *People v. Clark*, 654 P.2d 847, 848 (Colo.1982); *Newman*, 867 P.2d at 95.

We therefore conclude defendant's statutory right to speedy trial was not violated.

## V.

■ Defendant next contends he is entitled to additional presentence confinement credit. We conclude the case must be remanded for further proceedings on this issue.

■ A defendant who is confined prior to the imposition of the sentence for an offense is entitled to credit for the entire period of confinement. § 18–1.3–405, C.R.S.2007. The trial court has the duty to make a specific finding regarding the amount of presentence confinement credit to which an offender is entitled and to include that finding on the mittimus along with the sentence. *People v. Ostuni*, 58 P.3d 531, 533–34 (Colo.2002); *see also People v. Myles*, 702 P.2d 292, 293 (Colo. App.1985) (when a defendant is sentenced to the DOC after the revocation of probation, he or she "is to receive presentence confinement credit for all periods of confinement relating to the original charge," including time spent in custody "pending a revocation hearing").

■ For a defendant to be entitled to presentence confinement credit, the confinement must be a result of the offense for which the defendant is to be sentenced. *See Schubert v. People*, 698 P.2d 788, 795 (Colo. 1985). The defendant must show a substantial nexus between the charge or conduct for which he or she is to be sentenced and the period of presentence confinement for which credit is sought. *People v. Hoecher*, 822 P.2d 8, 12 (Colo.1991); *People v. Fitzgerald*, 973 P.2d 708, 710 (Colo.App.1998).

At the sentencing hearing in this case, the district court awarded defendant 233 days of presentence confinement, finding he was in federal custody until April 8, 2005.

In September 2005, defendant filed an "Ex Parte Notice of Intent to Appeal Sentence and Intent to Move for Reconsideration of Sentence Imposed." According to defendant, he filed the notice himself because his court-appointed counsel refused to speak to him. Defendant alleged in the notice that the court had miscalculated his presentence confinement time, failing to give him additional credit for the 134 days he spent in jail from the original sentencing hearing of March 5, 1993, until his release on July 17, 1993. The court did not rule on the motion.

An appeal to the appellate court may be taken only from a final judgment of the district court. C.A.R. 1(a)(1). The trial court's order granting or denying a postconviction motion is a final order reviewable on appeal. Crim. P. 35(c)(3)(IX); *People v. Dalton*, 70 P.3d 517, 519 (Colo.App.2002). Thus, we agree with the People that this issue was never ruled upon and is not properly before this court. *See People v. Simms*, 185 Colo. 214, 218, 523 P.2d 463, 465 (1974). We therefore remand the case with directions to address defendant's motion for additional credit for presentence confinement.

The order revoking defendant's probation is affirmed. The sentence is reversed as to the imposition of mandatory parole and affirmed in all other respects. The case is remanded with directions to rule on defendant's motion for presentence confinement credit and to correct the mittimus regarding mandatory parole.

Judge BERNARD and Justice ROVIRA * concur.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2007.