The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
November 9, 2023

## 2023COA106

**No. 21CA1407, *People v. Mickey* — Criminal Law — Sentencing — Restitution — Assessment of Restitution — Procedural Deadlines — "Good Cause" to Extend Trial Court's Deadline; Criminal Procedure — Harmless Error**

A division of the court of appeals, for the first time, holds that the error in entering a restitution order after the expiration of the statutory ninety-one-day period, without an express timely finding of good cause pursuant to *People v. Weeks*, 2021 CO 75, cannot be harmless.

COLORADO COURT OF APPEALS     **2023COA106**

Court of Appeals No. 21CA1407
Mesa County District Court No. 20CR599
Honorable Gretchen B. Larson, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Tommy Rae Mickey,

Defendant-Appellant.

ORDER VACATED

Division VII
Opinion by JUDGE TOW
Schock and Graham*, JJ., concur

Announced November 9, 2023

Philip J. Weiser, Attorney General, Frank R. Lawson, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Lisa Weisz, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023.

¶ 1    Defendant, Tommy Rae Mickey, appeals the district court's order requiring him to pay restitution.  We vacate the order.  In so doing, we conclude that the error in entering a restitution order after the expiration of the statutory ninety-one-day period, without an express, timely finding of good cause pursuant to *People v. Weeks*, 2021 CO 75, cannot be harmless.

## I.    Background

¶ 2    Mickey pleaded guilty to second degree burglary and vehicular eluding.[1]  On October 7, 2020, he was sentenced to six years in the custody of the Colorado Department of Corrections.  On June 29, 2021, more than 250 days after the sentencing hearing, the district court ordered Mickey to pay restitution for unrecovered stolen property.  The district court did not make an express finding that there was good cause to determine restitution more than ninety-one days after the sentencing hearing.[2]  *See* § 18-1.3-603(1)(b), C.R.S. 2023.

---

[1] The plea was part of a global resolution of several cases filed against Mickey.
[2] The district court was acting without the benefit of the supreme court's decision in *People v. Weeks*, 2021 CO 75.

## II. Vacatur and Error

¶ 3    Mickey argues that the restitution order was untimely under section 18-1.3-603(1)(b) and must be vacated.[3]  We agree.

¶ 4    We review de novo issues of statutory interpretation.  *Weeks,* ¶ 24.

¶ 5    Section 18-1.3-603(1)(b) requires courts to determine restitution within ninety-one days after sentencing, unless — before the deadline expires — the court expressly finds good cause for extending the deadline.  *Weeks,* ¶ 5.  The district court ordered restitution after the ninety-one-day deadline and did not find good cause for doing so.  This was error.

¶ 6    While the People concede this point, they argue vacatur is not required because any error was harmless.  Another division of this court recently rejected a similar argument, holding that the

---

[3] Although Mickey did not make this argument to the district court, an illegal manner challenge under Crim. P. 35(a) — which is what Mickey's claim would be if this were not a direct appeal, *see People v. Tennyson,* 2023 COA 2, ¶ 2 (*cert. granted* Sept. 11, 2023) — does not need to be preserved.  As our supreme court has said, "It makes no sense to require preservation of a claim on direct appeal when an identical claim could be raised without preservation after the conclusion of the direct appeal." *Fransua v. People,* 2019 CO 96, ¶ 13.

supreme court did not conduct a harmless error analysis in *Weeks* and that we are bound by that precedent.[4] *People v. Roberson*, 2023 COA 70, ¶ 32 (first citing *Weeks*, ¶¶ 14-18; and then citing *People v. Kern*, 2020 COA 96, ¶ 42). We agree with *Roberson*, but we go one step further to point out that a harmless error analysis would be futile when reviewing a restitution order entered without authority.

¶ 7 In criminal cases, an error is harmless if it "does not affect substantial rights" of the parties. Crim. P. 52(a). The error here was not merely a delay, as the People argue. It was the entry of an order that obliged Mickey to pay restitution in excess of $15,000. We simply cannot see how such an order — entered without authority — can be said to have not affected Mickey's substantial rights. Indeed, the order is, by operation of law, "a final civil judgment," § 18-1.3-603(4)(a)(I), meaning Mickey is now subject to collections efforts by the State.

---

[4] We are not persuaded by the People's argument that *Weeks* impliedly conducted a harmless error analysis simply because it mentioned that the restitution order was entered a year after the sentencing hearing over defense objection. Rather, the supreme court expressly said that because the trial court violated the restitution deadline, vacatur was correct. *Weeks*, ¶ 47.

¶ 8    The People correctly point out that a lack of authority is not a jurisdictional defect.  *See People v. Babcock,* 2023 COA 49, ¶ 7. This distinction is important because nonjurisdictional timelines can be waived.  *Id.* at ¶ 8.  But absent such a waiver — and the People do not argue that a waiver occurred here — the deadline, and its authority-divesting effect, remains.  Thus, even though the district court retained jurisdiction, the loss of authority renders the order erroneous *and* not harmless.

¶ 9    The People offer several cases to persuade us otherwise, but each is distinguishable — either because the relevant party voluntarily waived their statutory rights; the court did not expressly lack authority to act; or the case involved specialized, noncriminal proceedings.  *See People in Interest of Lynch,* 783 P.2d 848, 851 (Colo. 1989) (holding court did not lose jurisdiction over mental health proceeding because the appellant waived right to have a hearing held within ten days of request); *People v. Heimann,* 186 P.3d 77, 79 (Colo. App. 2007) (ruling untimely probation revocation did not require reversal because the defendant consented to hearing after the statutory deadline); *People v. Dominguez,* 2021 COA 76, ¶ 12 (stating illegal manner claims are reviewable for harmless error

4

but not ruling that the court exceeded its authority) (*cert. granted* Apr. 11, 2022); *McKenna v. Witte*, 2015 CO 23, ¶ 21 (holding water court did not lose jurisdiction because deadline to prepare abandonment list was violated).

¶ 10 We also decline the People's invitation to follow the federal model embodied in the Mandatory Victims Restitution Act, 18 U.S.C. § 3664(d)(5). We are not aware of any case — and the People cite none — holding that the expiration of the deadline in the federal statute divests the trial court of the authority to impose restitution. In other words, *Weeks* (or a federal case with a similar holding) does not define the impact of violating the federal deadline, but it absolutely binds us in dealing with violations of the state deadline.

¶ 11 In sum, the district court's authority to enter restitution was not extended or restored by a waiver. Thus, it lacked the authority to enter the restitution order — which, by definition, is not harmless.[5]

---

[5] In light of our resolution of this issue, we need not reach any of Mickey's other challenges.

## III. Disposition

¶ 12    The order is vacated.

JUDGE SCHOCK and JUDGE GRAHAM concur.