543 P.3d 430
2023 COA 106
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.Tommy Rae MICKEY, Defendant-Appellant.
Court of Appeals No. 21CA1407
Colorado Court of Appeals, Div. VII.
Announced November 9, 2023
Rehearing Denied December 14, 2023

 Mesa County District Court No. 20CR599, Honorable Gretchen B. Larson, Judge

 Philip J. Weiser, Attorney General, Frank R. Lawson, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee
 Megan A. Ring, Colorado State Public Defender, Lisa Weisz, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

 Opinion by JUDGE TOW

 Â¶ 1 Defendant, Tommy Rae Mickey, appeals the district courtâs order requiring him to pay restitution. We vacate the order. In so doing, we conclude that the error in entering a restitution order after the expiration of the statutory ninety-one-day period, without an express, timely finding of good cause pursuant to People v. Weeks, 2021 CO 75, 498 P.3d 142, cannot be harmless.

 I. Background Â¶ 2 Mickey pleaded guilty to second degree burglary and vehicular eluding.1 On October 7, 2020, he was sentenced to six years in the custody of the Colorado Department of Corrections. On June 29, 2021, more than 250 days after the sentencing hearing, the district court ordered Mickey to pay restitution for unrecovered stolen property. The district court did not make an express finding that there was good cause to determine restitution more than ninety-one days after the sentencing hearing.2 See Â§ 18-1.3-603(1)(b), C.R.S. 2023.

 II. Vacatur and Error Â¶ 3 Mickey argues that the restitution order was untimely under section 18-1.3-603(1)(b) and must be vacated.3 We agree.
 [1] Â¶ 4 We review de novo issues of statutory interpretation. Weeks, Â¶ 24.
 Â¶ 5 Section 18-1.3-603(1)(b) requires courts to determine restitution within ninety-one days after sentencing, unlessâbefore the deadline expiresâthe court expressly finds good cause for extending the deadline. Weeks, Â¶ 5. The district court ordered restitution after the ninety-one-day deadline and did not find good cause for doing so. This was error.
 Â¶ 6 While the People concede this point, they argue vacatur is not required because any error was harmless. Another division of this court recently rejected a similar argument, holding that the supreme court did not conduct a harmless error analysis in Weeks and that we are bound by that precedent.4 People v. Roberson, 2023 COA 70, Â¶ 32 (first citing Weeks, Â¶Â¶ 14â18; and then citing Peo- ple v. Kern, 2020 COA 96, Â¶ 42, 474 P.3d 197). We agree with Roberson, but we go one step further to point out that a harmless error analysis would be futile when reviewing a restitution order entered without authority.
 [2] Â¶ 7 In criminal cases, an error is harmless if it "does not affect substantial rights" of the parties. Crim. P. 52(a). The error here was not merely a delay, as the People argue. It was the entry of an order that obliged Mickey to pay restitution in excess of $15,000. We simply cannot see how such an orderâentered without authorityâcan be said to have not affected Mickeyâs substantial rights. Indeed, the order is, by operation of law, "a final civil judgment," Â§ 18-1.3-603(4)(a)(I), meaning Mickey is now subject to collections efforts by the State.
 [3, 4] Â¶ 8 The People correctly point out that a lack of authority is not a jurisdictional defect. See People v. Babcock, 2023 COA 49, Â¶ 7, 535 P.3d 981. This distinction is important because nonjurisdictional timelines can be waived. Id. at Â¶ 8. But absent such a waiverâand the People do not argue that a waiver occurred hereâthe deadline, and its authority-divesting effect, remains. Thus, even though the district court retained jurisdiction, the loss of authority renders the order erroneous and not harmless.
 Â¶ 9 The People offer several cases to persuade us otherwise, but each is distinguishableâeither because the relevant party voluntarily waived their statutory rights; the court did not expressly lack authority to act; of the case involved specialized, noncriminal proceedings. See People in Interest of Lynch, 783 P.2d 848, 851 (Colo. 1989) (holding court did not lose jurisdiction over mental health proceeding because the appellant waived right to have a hearing held within ten days of request); People v. Heimann, 186 P.3d 77, 79 (Colo. App. 2007) (ruling untimely probation revocation did not require reversal because the defendant consented to hearing after the statutory deadline); People v. Dominguez, 2021 COA 76, Â¶ 12, 494 P.3d 682 (stating illegal manner claims are reviewable for harmless error but not ruling that the court exceeded its authority) (cert. granted Apr. 11, 2022); McKenna v. Witte, 2015 CO 23, Â¶ 21, 346 P.3d 35 (holding water court did not lose jurisdiction because deadline to prepare abandonment list was violated).
 [5] Â¶ 10 We also decline the Peopleâs invitation to follow the federal model embodied in the Mandatory Victims Restitution Act, 18 U.S.C. Â§ 3664(d)(5). We are not aware of any caseâand the People cite noneâholding that the expiration of the deadline in the federal statute divests the trial court of the authority to impose restitution. In other words, Weeks (or a federal case with a similar holding) does not define the impact of violating the federal deadline, but it absolutely binds us in dealing with violations of the state deadline.
 Â¶ 11 In sum, the district courtâs authority to enter restitution was not extended or restored by a waiver. Thus, it lacked the authority to enter the restitution orderâwhich, by definition, is not harmless.5

 III. Disposition Â¶ 12 The order is vacated.
 JUDGE SCHOCK and JUDGE GRAHAM* concur.

1The plea was part of a global resolution of several cases filed against Mickey.
2The district court was acting without the benefit of the supreme courtâs decision in People v. Weeks, 2021 CO 75, 498 P.3d 142.
3Although Mickey did not make this argument to the district court, an illegal manner challenge under Crim P 35(a)âwhich is what Mickeyâs claim would be if this were not a direct appeal, see People v. Tennyson, 2023 COA 2, Â¶ 2, 528 P.3d 185 (cert. granted Sept. 11, 2023)âdoes not need to be preserved. As our supreme court has said, "It makes no sense to require preservation of a claim on direct appeal when an identical claim could be raised without preservation after the conclusion of the direct appeal." Fransua v. People, 2019 CO 96, Â¶ 13, 451 P.3d 1208.
4We are not persuaded by the Peopleâs argument that Weeks impliedly conducted a harmless error analysis simply because it mentioned that the restitution order was entered a year after the sentencing hearing over defense objection. Rather, the supreme court expressly said that because the trial court violated the restitution deadline, vacatur was correct. Weeks, Â¶ 47.
5In light of our resolution of this issue, we need not reach any of Mickeyâs other challenges.
*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, Â§ 5(3), and Â§ 24-51-1105, C.R.S. 2023.