The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Richard McDANIELS, Defendant–Appellant.

No. 91CA1947.

Colorado Court of Appeals, Div. I.

July 30, 1992.

Rehearing Denied Aug. 27, 1992.

Certiorari Denied Feb. 16, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, David M. Furman, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Richard McDaniels, appeals from the sentence imposed following his conviction for menacing and revocation of his probation. We affirm.

Defendant contends the trial court erred by not imposing a sentence consistent with the terms of the original plea agreement following revocation of probation. We disagree.

Defendant entered a plea of guilty to the charge of felony menacing upon the condition that if sentenced to incarceration, his sentence would not exceed two years. The trial court sentenced the defendant to four years probation.

Defendant's probation was subsequently revoked, and the trial court sentenced the defendant to a three-year term of incarceration. The trial court indicated at the revocation hearing that it would reconsider the sentence upon verification that the original plea bargain contemplated a two-year sentencing cap even if probation were revoked. Otherwise, the trial court ruled that the agreement for a two-year cap was extinguished following the granting of probation at the original sentencing hearing. The record reveals that the original sentencing judge made no reference to the cap applying if probation were revoked.

■ If probation is revoked, the trial court may impose any sentence or grant any probation "which might originally have been imposed or granted." Section 16–11–206(5), C.R.S. (1986 Repl.Vol. 8A); Crim.P. 32(f)(5).

Defendant contends that because the plea bargain placed a cap of two years incarceration he would not have been sentenced to a longer term "originally." Therefore, he argues that § 16–11–206(5) limits this sentence to the original two-year cap. We disagree.

We interpret the reference in § 16–11–206(5) to the sentence which may originally have been imposed as concerning the statutory limits of the sentence unaffected by any plea bargain. Thus, that statute does not prohibit the sentence here imposed. To adopt defendant's construction of § 16–11–206(5) would eliminate the option of subsequent incarceration whenever the original plea agreement contemplated granting probation, despite a defendant's failure to comply with the terms and conditions of probation.

■ We also conclude the trial court did not err by imposing a sentence of three years incarceration following the revocation of defendant's probation.

Here, the defendant received the benefit of his plea agreement at the time of the initial sentencing. Following the revocation of probation, a different factual predicate existed upon which sentence was imposed. Accordingly, we find no error in the trial court's exercise of its discretion.

*People v. Flenniken*, 749 P.2d 395 (Colo. 1988), relied upon by the defendant, is factually inapposite. In *Flenniken*, the court was dealing with an initial sentence which was found to be illegal. Thus, the trial court was proceeding with sentencing *ab initio* and was accordingly bound by the terms of the plea agreement.

Here, the plea agreement had been complied with, and defendant could properly be sentenced to any term of incarceration which might have originally been imposed under the sentencing statute, regardless of the terms of the plea agreement. *See* § 16–11–206(5), C.R.S. (1986 Repl.Vol. 8A).

We also find the cases cited by defendant concerning sentencing to community corrections facilities to be inapposite, because community corrections is a form of imprisonment while a sentence to probation is

not. *See People v. Saucedo,* 796 P.2d 11 (Colo.App.1990); §§ 17–27–103(3) and 17–27–114(2), C.R.S. (1991 Cum.Supp.)

Sentence affirmed.

STERNBERG, C.J., and DAVIDSON, J., concur.