John Louis MONTOYA, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 92SC236.

Supreme Court of Colorado,
En Banc.

Dec. 6, 1993.

Rehearing Denied Jan. 10, 1994.

Lowery and Lowery, P.C., Philip E. Lowery, Spero A. Leon, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russell, First Asst. Atty. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for respondent.

Justice ERICKSON delivered the Opinion of the Court.

An eight-count information was filed against the petitioner, John Louis Montoya (Montoya), as the result of his participation in a series of sham investment schemes. Montoya pleaded guilty to two of the counts and was sentenced to probation. Montoya subsequently violated his probation and was resentenced to a term beyond the presumptive range. He appealed his sentence to the court of appeals which upheld the district court's sentence. We granted certiorari to review whether the court of appeals erred in upholding the

district court's finding that aggravating circumstances were present to justify a sentence beyond the presumptive range provided by statute. *Montoya v. People*, No. 90CA1518 (Colo.App. Feb. 13, 1992). We affirm the court of appeals.

## I

On September 2, 1983, an eight-count information was filed charging Montoya with the following: two counts of felony theft; two counts of fraudulent and other prohibited practices; two counts relating to the registration of brokers, dealers, principals, and financial representatives; and two counts related to the registration of securities in connection with a series of sham investment schemes. On May 28, 1985, pursuant to a plea agreement with the prosecution, Montoya pleaded guilty to a count relating to the registration of brokers, dealers, principals, and financial representatives [1] and to an additional count for failure to comply with the security registration requirements.[2]

In exchange for Montoya's plea of guilty to the two counts, the prosecution agreed to dismiss all remaining counts. The prosecution also stipulated to a four-year concurrent probationary sentence. In order to achieve the concurrent sentence, the prosecution planned to prove aggravation.[3] During the four-year probationary term, Montoya was to perform 400 hours of community service and pay a total of $44,000 in restitution to his victims.

When the district judge questioned what particular facts supported aggravation, the prosecution withdrew the request for aggravation and asked for the imposition of two consecutive two-year probationary terms. The new sentence recommendation required Montoya to perform the same four years of probation as the prior recommendation, but did not require a finding of aggravating circumstances.

During the course of the providency hearing, Montoya was informed that he could still be subject to sentences beyond the presumptive range if a court were to find extraordinary aggravating circumstances. Montoya was advised that if aggravating circumstances were found, a court could double the maximum presumptive range and thereby impose a four-year sentence for each of the two counts. Montoya acknowledged this possibility when he entered his plea of guilty to the two counts.

Montoya advised the judge at the providency hearing that if the judge accepted the plea agreement, Montoya would pay the restitution over the four-year probationary period. The court accepted the plea and sentenced Montoya to two years on each count to run consecutively. The judge then suspended the sentence and placed Montoya on probation for a four-year period during which time he was to perform community service and make restitution in accordance with the terms of the plea agreement.

Montoya failed to meet the restitution and community service requirements of probation. On September 20, 1988, Montoya was convicted of violating his probation and his probation was revoked. On November 10, 1988, a different district court judge found aggravating circumstances and imposed consecutive four-year sentences on both counts.

The court of appeals vacated the sentences because a presentence report had not been provided to Montoya in a timely fashion, and then remanded to the district court for resentencing. Thereafter, on June 26, 1990, the prosecution asserted that the initial sentence was illegal and that the district court, upon resentencing, was not restricted to the length of the suspended sentence imposed by that judge. Montoya claimed that if the initial sentence was illegal, he should be permitted to with-

---

1. § 11–51–105(1), 4B C.R.S. (1987).

2. § 11–51–107(1), 4B C.R.S. (1987).

3. The presumptive range for each count of a class V felony is one to two years plus one year

of parole. § 18–1–105(1)(a)(I), 8B C.R.S. (1986). The imposition of twice the maximum presumptive range is allowed if the court concludes there are extraordinary aggravating circumstances. § 18–1–105(6), 8B C.R.S. (1986).

draw his guilty pleas because the illegal sentence was an "integral part" of the plea agreement.

Upon resentencing, the district court held that the initial sentence imposed was "illegal and void *ab initio*." [4] The district court, however, found that although the initial sentence was illegal, Montoya received exactly what he had bargained for—four years of probation. Therefore, Montoya was not allowed to withdraw his pleas. In resentencing Montoya, the district court found aggravating circumstances and imposed two consecutive four-year sentences based on Montoya's violation of probation as well as his actions prior to the imposition of the initial sentence.

The court of appeals affirmed the order and sentence of the district court. The court of appeals also affirmed the district court's denial of Montoya's request to withdraw his guilty pleas and finding of aggravating circumstances.

Although the district court's suspension of Montoya's prison sentence and imposition of probation was invalid, the plea agreement supports the sentence of probation. As the court of appeals noted, Montoya got exactly what he bargained for—four years of probation.

Because the record contains sufficient facts to establish Montoya's violation of the terms of probation, the court of appeals properly affirmed the trial court's ruling that circumstances existed which justified a sentence beyond the presumptive range.

## II

We agree with the court of appeals holding that the district court did not abuse its discretion in finding aggravating circumstances. We hold that the record is sufficient to support the trial court's finding of aggravating circumstances. The court of appeals properly affirmed the aggravated sentence imposed by the district court.

■ When a sentencing judge can identify events that occur after the time of the original penalty and justify a more severe penalty, the district judge can impose a sentence which is longer than the original sentence. *People v. Wieghard*, 743 P.2d 977 (Colo.App.1987).

■ Although a substantially increased sentence raises a presumption of vindictiveness, both the events subsequent to the sentencing, and the fact that a different judge imposed the more severe sentence, are evidence which can refute the presumption of vindictiveness. *Id.; see also, Rock v. Zimmerman*, 959 F.2d 1237 (3d Cir.1992) (stating that because the judge at resentencing was not the same judge who originally sentenced the defendant, facts available at the time of the original sentencing could be used to justify a more severe sentence upon resentencing when those facts were not available to the judge imposing the first sentence). Sentencing is a discretionary process based on a totality of the circumstances before the court. *Flower v. People*, 658 P.2d 266 (Colo.1983).

■ In this case, the original plea agreement between Montoya and the State required Montoya to perform 400 hours of community service and to pay a total of $44,000 in restitution. The agreement, which was accepted on May 28, 1985, was included in the probationary order and directed Montoya to fulfill his obligations over the four-year probationary period. As of September 20, 1988, when his probation was revoked, Montoya had not made any significant restitution and had not performed any community service. When probation is revoked, the trial court may impose any sentence "which might originally have been imposed or granted." § 16–11–206(5), 8A C.R.S. (1986). *See People v. McDaniels*, 844 P.2d 1257, 1258 (Colo.App. 1992) (stating that the original sentence refers to the statutory limits and not the plea bargain).

---

4. Section 16–11–101, 8A C.R.S. (1986 & 1993 Supp.), does not permit a court to impose a sentence of imprisonment, suspend that sentence, and then sentence a defendant to a term of probation. A court may either grant proba-tion or impose a prison term; it may not authorize both in the same instance. *See People v. Flenniken*, 749 P.2d 395 (Colo.1988); *People v. District Court*, 673 P.2d 991 (Colo.1983).

■ The district court found specific evidence to justify aggravation. The district court judge stated on November 10, 1988:

> The Court having heard all of the testimony is convinced that this sentence should be aggravated; that not only did Mr. Montoya not pay his restitution or pay even a minimal part thereof, but when he was in the State of Colorado, he only paid a small part of that. He had at the time of the hearing in December of 1987, $25,000 worth of inventory in jewelry. We haven't heard anything about what happened to that. He never did one hour of community service. So at least two conditions of probation have not been met.
>
> He continues to expect other people to assist him. He continues to do exactly the same things that he has always done. The amount of money is very large. The impact on the victims is very tremendous, and he continues to make promises. I don't believe he's making any good faith efforts to pay. He made certainly no effort at all regarding the community service.
>
> Given all of that in one package, the Court finds aggravation, and while it was a first offense, he had a chance, and he's never done anything about it. He has just completely ignored what he could have done.

The district court judge again found aggravation on July 26, 1990, and enunciated the aggravating factors stating:[5]

> THE COURT: I've heard a great deal of what went on in the last sentencing hearing, and I've really not seen any great big change since then ... He continues to expect other people to assist him....
>
> ....
>
> [MONTOYA'S ATTORNEY]: Judge, I would ask the Court to make some statements, there needs to be some specific

finding that the aggravated factors it has relied upon.

> THE COURT: The impact of the victims. There was no good faith effort to pay. Even in a sense, even more important, there was no effort at community service because he pleaded poverty, "Well, I just do not have the money to pay. It's everybody else's fault." Instead he came into court and said, "I didn't do any community service because nobody called me from the State of Washington. It's really their fault. It's not my fault."

Additionally, in both sentencing hearings the district court sentenced Montoya for the violation of his probation. Montoya received the benefit of his bargain at the time of the initial sentencing. Following the revocation of probation, a different factual basis existed upon which the sentence was imposed. *McDaniels*, 844 P.2d at 1258.

The presumptive penalty statute provides that a court may sentence a defendant beyond the presumptive range if it "concludes that extraordinary ... aggravating circumstances are present, are based on evidence in the record of the sentencing hearing and the presentence report, and support a different sentence which better serves the purposes of the code with respect to sentencing." § 18–1–105(6), 8B C.R.S. (1986). Imposing a sentence beyond the presumptive range is discretionary and specific findings in regard to the factors warranting aggravation are required. *See* § 18–1–105(7), 8B C.R.S. (1986) (requiring specific findings). In this case, the primary factor in finding extraordinary aggravating circumstances was Montoya's violation of the terms of probation, and the effect the violation of probation had on the victims of Montoya's crimes.

Even if Montoya was not specifically aware that a violation of probation could result in the expansion of his original sen-

---

5. The district court found aggravating circumstances which justified an increased sentence on two occasions. It first found aggravation on November 10, 1988. The court of appeals subsequently vacated the sentences imposed after a finding of aggravation because a presentence report had not been provided to the defendant in a timely fashion. The district court again found aggravation on July 26, 1990.

tence, such specific knowledge is not required for the plea agreement to be valid and enforceable. *See Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970) ("The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering his decision.").[6]

Montoya was fully aware that the court had the power to increase his sentence by finding aggravating circumstances. The record discloses that the district judge advised Montoya:

> [I]n the case of extraordinary aggravating circumstances the Court has within its power to increase the upper portion of the presumptive range up to doubling it; therefore, upon conviction or plea of guilty as to each of these charges, a potential penalty that can be imposed by this Court is six months to four years with the Department of Corrections plus one year of parole.

Despite the fact Montoya knew he might be sentenced beyond the presumptive range, he nevertheless breached every condition of his probation.

### III

Accordingly, we affirm the court of appeals judgment upholding the aggravated sentence imposed by the district court.

---

**6.** We do not suppose, however, that Montoya believed his violation of probation would engen-    der no response.