The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Guadalupe RODRIGUEZ,
Defendant–Appellant.

No. 99CA2237.

Colorado Court of Appeals,
Div. V.

Jan. 3, 2002.

Rehearing Denied April 4, 2002.

Certiorari Denied Oct. 7, 2002.

Ken Salazar, Attorney General, Dawn M. Weber, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Kathleen A. Lord, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Guadalupe Rodriguez, appeals the sentence imposed upon his burglary conviction. We affirm.

Pursuant to a plea agreement, defendant pled guilty to second degree burglary in exchange for the dismissal of another charge and a recommendation that he be sentenced to probation. He was advised at the providency hearing that, if he were granted probation but later violated it, he could receive up to twenty-four years in prison plus a five-year mandatory parole term.

Defendant was placed on probation. After he violated the conditions of probation, he was sentenced to a four-year term in community corrections. Six months later, defendant was terminated from community corrections for violating the program's conditions. The trial court resentenced him to four years in the Department of Corrections (DOC) plus a five-year period of mandatory parole.

Defendant contends on appeal that the imposition of a five-year period of mandatory parole in addition to the DOC sentence violates constitutional protections against double jeopardy. We disagree.

Defendant's contention is identical to that raised and rejected in *People v. Chavez*, 32 P.3d 613 (Colo.App.2001). The *Chavez* division based its analysis on the principle that a sentence may be increased without violating double jeopardy prohibitions if the defendant could have no legitimate expectation of finality in the sentence. It then concluded that, because the defendant was on notice that he could be subject to a longer period of restraint if he were terminated from community corrections, he lacked a legitimate expectation of finality in the length of his community corrections sentence. Therefore, the addition of a three-year mandatory parole term when he was resentenced to DOC did not violate his double jeopardy rights.

Defendant argues that *Chavez*, a case in which the defendant was proceeding pro se, was wrongly decided and that we can, and

should, decline to follow it. While we agree that we are not required to follow *Chavez,* we are not persuaded that it was wrongly decided. We conclude, as did the *Chavez* division, that imposition of a mandatory parole term in addition to the DOC sentence upon resentencing was not a double jeopardy violation.

Defendant does not dispute that punishment can be increased without violating double jeopardy prohibitions when the defendant has no legitimate expectation of finality in his sentence. However, he argues that: (1) in contrast to the statute governing resentencing following probation revocation, § 16–11–206(5), C.R.S.2001, and the statutes at issue in the foreign cases cited in *Chavez,* the statute governing resentencing after rejection by community corrections, § 17–27–105(1)(e), C.R.S.2001, did not provide him with notice that his sentence could be increased by the addition of a mandatory parole term; (2) instead, the language in § 17–27–105(1)(e) referring to resentencing "so long as the offender's sentence does not exceed the sentence which was originally imposed" led him to believe that his sentence could *not* be so increased; and (3) *People v. Johnson,* 13 P.3d 309 (Colo.2000), which construed § 17–27–105(1)(e) to permit such an increase, was "unforeseeable" and thus, under *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), should not have been relied on by the *Chavez* division to support the proposition that pre-*Johnson* defendants were on notice that § 17–27–105(1)(e) could be so construed.

These arguments do not persuade us that defendant could have had a legitimate expectation of finality in his community corrections sentence.

First, as defendant concedes, a community corrections sentence can be revoked for any reason or for no reason at all. *See* §§ 17–27–103(5), 17–27–104(3), C.R.S.2001; *People v. Wilhite,* 817 P.2d 1017 (Colo.1991). Thus, defendant could have had no legitimate expectation that he could not be terminated from community corrections and resentenced to DOC.

Second, the statutory scheme in effect at the time defendant pled guilty put him on notice that a DOC prison sentence for his offense would be followed by a mandatory parole period. *See* § 18–1–105(1)(a)(V)(A), C.R.S.2001.

Third, defendant's reliance on § 17–27–105(1)(e) in support of a contrary understanding is misplaced. Section 17–27–105(1)(e) provides:

> If an offender is rejected after acceptance by a community corrections board or a community corrections program, the court may resentence the offender *without any further hearing* so long as the offender's sentence does not exceed the sentence which was originally imposed upon the offender [emphasis added].

In *Craig v. People,* 986 P.2d 951 (Colo.1999), the supreme court stated that a reasonable person would understand that a sentence to DOC refers only to the imprisonment component of the sentence and does not include any promises concerning mandatory parole. *See also People v. Snare,* 7 P.3d 1025 (Colo.App.1999)(mandatory parole period is not part of "sentence" within meaning of § 17–27–105(1)(e)). Even if defendant nevertheless believed that § 17–27–105(1)(e) precluded imposition of a mandatory parole term in addition to the prison component of his sentence, he could at most have believed that such term would not be imposed without a hearing.

Thus, regardless of whether the holding in *People v. Johnson, supra,* was "unforeseeable," defendant had no legitimate expectation at the time he entered his plea that, if his community corrections sentence were revoked, his DOC prison term of the same length would not be followed by the statutory mandatory parole period. His double jeopardy rights were accordingly not violated.

The sentence is affirmed.

Judge KAPELKE and Judge CASEBOLT concur.