The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

April ADAMS, Defendant–Appellant.

No. 03CA2198.

Colorado Court of Appeals, Division V.

June 2, 2005.

Certiorari Denied Feb. 21, 2006.

John W. Suthers, Attorney General, Melissa D. Allen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Cynthia Camp, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, April Adams, appeals from the trial court's orders resentencing her from a concurrent term in community corrections to a consecutive term in prison and denying her motion for reduction or correction of sentence. We affirm.

After pleading guilty to a felony charge of possessing a forged instrument, defendant was sentenced to eighteen months probation. Thereafter, her probation was revoked on two occasions: the first time, she was resentenced to the same probationary term; the second, to eighteen months in community corrections. The community corrections term was ordered to be served concurrently with a community corrections sentence in another case.

Twenty days after the second resentencing, defendant was rejected from community corrections because she had been arrested for possessing, in the community corrections facility itself, a schedule II controlled substance (methamphetamine). Following a hearing, the trial court resentenced her to eighteen months incarceration in the Department of Corrections (DOC), to be served consecutively to her sentence in the other case.

Defendant filed a Crim. P. 35 motion to reduce or correct sentence, arguing that her DOC sentence should run concurrently with, not consecutively to, her sentence in the other case. The trial court denied the motion, finding that defendant "ha[d] been given every reasonable opportunity" to avoid a prison sentence but that "[o]nce a prison sentence became the last option ... she should serve a sentence for this crime and not have it effectively eliminated by a concurrent sentence."

On appeal, defendant contends that, by changing her sentence from a concurrent to a consecutive term, the trial court impermissibly increased her sentence in violation of the double jeopardy guarantees of our federal and state constitutions. We disagree.

In *People v. Sandoval*, 974 P.2d 1012, 1015 (Colo.App.1998), a division of this court held that "[c]hanging a sentence from concurrent to consecutive constitutes an increase in the sentence."

However, punishment for a criminal offense can be increased without violating the double jeopardy protections of U.S. Const. amend. V and Colo. Const. art. II, § 18 when a defendant has no legitimate expectation of finality in his or her sentence. *People v. Rodriguez*, 55 P.3d 173, 174 (Colo.App.2002); *People v. Chavez*, 32 P.3d 613, 615 (Colo.App. 2001).

In *Rodriguez, supra,* and *Chavez, supra,* separate divisions of this court concluded that defendants have no legitimate expectation of finality in community corrections sentences. We agree with those decisions. Consequently, the only remaining issue is whether the trial court had the authority, following defendant's rejection from community corrections, to require the new sentence be served consecutively to the sentence in the other case. We conclude that the court had such authority.

Section 18–1.3–301(1)(h), C.R.S.2004, provides that "[t]he sentencing court shall have the authority to modify the sentence of an offender who has been directly sentenced to a community corrections program in the same manner as if the offender had been placed on probation."

Section 18–1.3–301(1)(e), C.R.S.2004, provides that:

> If an offender is rejected after acceptance by a community corrections board or a community corrections program, the court may resentence the offender without any further hearing so long as the offender's sentence does not exceed the sentence which was originally imposed upon the offender.

In interpreting § 18–1.3–301(1)(e) and (h), we look first to the plain language of the statute itself. *People v. McNeese*, 892 P.2d

304, 310 (Colo.1995); *see People v. J.J.H.,* 17 P.3d 159, 162 (Colo.2001)("[t]he plain language of the statute is the best indication of legislative intent"). When the statutory language is clear and unambiguous, we interpret the statute as written without resort to interpretive rules and statutory construction. *People v. Sorrendino,* 37 P.3d 501, 503 (Colo. App.2001).

■ We presume that the legislature did not use language idly, *People v. J.J.H., supra,* 17 P.3d at 162; *see also People v. Madden,* 111 P.3d 452, 457 (Colo.2005)(courts are to give effect to every word in statute and not adopt a construction that renders any term superfluous), and we will not create an exception to a statute that its plain meaning does not suggest or demand. *A.C. v. People,* 16 P.3d 240, 243 (Colo.2001).

Here, § 18–1.3–301(1)(h) provides a general rule establishing the trial court's authority to resentence offenders who, like defendant, were directly sentenced to community corrections. And, § 18–1.3–301(1)(e) provides a limitation (or exception) to that authority which, under its plain terms, is applicable only when the trial court resentences an offender "without any further hearing."

Because the trial court conducted a resentencing hearing in this case before imposing the current DOC sentence, the trial court was not subject to the limitation contained in § 18–1.3–301(1)(e). Consequently, it could resentence defendant, under § 18–1.3–301(1)(h), in the "same manner as if [she] had been placed on probation."

■ Under § 16–11–206(5), C.R.S.2004, a trial court has the authority to resentence an offender whose probation has been revoked to "any sentence ... which might originally have been imposed." *See People v. Santana,* 961 P.2d 498, 500 (Colo.App.1997). The phrase "which might originally have been imposed" means that "the later imposition of sentence shall be done in accordance with the law applicable at the time defendant was originally placed on probation, and [it does] not mandate concurrent rather than consecutive sentencing." *People v. Lorenzo,* 644 P.2d 50, 51 (Colo.App.1981)(noting further that "consecutive sentencing is an appropri-

ate mechanism for imposing a distinct punishment for each of two criminal acts"; and affirming, following revocation of probation, imposition of a sentence to be served consecutively to a sentence received by defendant for a subsequent, intervening crime).

Because, under § 18–1.3–301(1)(h), the trial court was authorized, following defendant's termination from community corrections, to sentence her in the "same manner as if [she] had been placed on probation," the trial court was authorized to run her sentence consecutively to the sentence in the other case. *Cf. People v. Lorenzo, supra* (resentencing upon revocation of probation).

We are, of course, aware that, in *People v. Johnson,* 987 P.2d 928, 932 (Colo.App.1999), *rev'd on other grounds,* 13 P.3d 309 (Colo. 2000), another division of this court indicated that, whether or not a resentencing hearing was held, a trial court lacked the authority to increase the sentence of an individual who had been terminated from a community corrections program. However, we decline to follow the division's decision in *Johnson* because we do not share its narrow view of § 18–1.3–301(1)(e) and (h) (formerly codified as § 17–27–105(1)(e) and (h)).

Defendant contends, however, that, by exposing only those who have a resentencing hearing to the possibility of increased sentences, § 18–1.3–301 violates the equal protection guarantees embodied in U.S. Const. amend. XIV and Colo. Const. art. II, § 25. Because this contention was not presented to the trial court, we do not address it on appeal. *See People v. Boyd,* 30 P.3d 819, 820 (Colo.App.2001)(appellate court will not address a challenge to the constitutionality of a statute that is raised for the first time on appeal).

The orders are affirmed.

Judge ROY and Judge NIETO concur.