The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Aneshia Denise GRIEGO,** Defendant–Appellant.

No. 06CA2609.

Colorado Court of Appeals, Div. III.

Oct. 30, 2008.

§ 24–51–1105, C.R.S.2008.

John W. Suthers, Attorney General, Matthew S. Holman, First Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge LOEB.

Defendant, Aneshia Denise Griego, appeals the prison sentence imposed following termination of her community corrections placement. We affirm.

Pursuant to a plea agreement, defendant pleaded guilty to aggravated felony theft. With respect to sentencing, the People agreed not to object to a direct sentence to community corrections, and the parties agreed that the length of any community corrections sentence would be open to the court. The parties also agreed to a six-year cap on any prison sentence imposed.

In accordance with the terms of the plea agreement, the district court sentenced defendant to community corrections for nine years. However, defendant was later terminated for cause from the program, and, after holding a hearing, the court changed her placement and resentenced her to nine years in the Department of Corrections (DOC).

■ Defendant argues that the nine-year prison sentence violates her right to due process because it is inconsistent with her understanding of the plea agreement. We disagree.

■ Section 18–1.3–301(1)(h), C.R.S.2008, establishes the trial court's authority to resentence offenders who were directly sentenced to community corrections. *People v. Adams*, 128 P.3d 260, 262 (Colo.App.2005). Where, as here, the sentencing court holds a hearing, it has "the authority to modify the sentence of an offender who has been directly sentenced to a community corrections program in the same manner as if the offender had been placed on probation." § 18–1.3–301(1)(h). Thus, a "court must look to what sentence [the defendant] could have been given had he violated a condition of probation rather than a condition of his community corrections sentence." *Romero v. People*, 179 P.3d 984, 987 (Colo.2007).

■ Under the probation statute, a sentencing court has the authority to resentence an offender whose probation has been revoked due to a violation of a condition of probation to "any sentence ... which might originally have been imposed." § 16–11–206(5), C.R.S.2008. Likewise, if the sentencing court holds a hearing, it may resentence an offender terminated from community corrections to any sentence that might originally have been imposed. *Romero*, 179 P.3d at 987; *Adams*, 128 P.3d at 262.

Here, because it was undisputed and defendant admitted that she was on probation for another felony at the time of the offense, the nine-year DOC sentence is within the range of sentences that could originally have been imposed for defendant's class four felo-

ny conviction for aggravated felony theft. *See* §§ 18–1.3–401(1)(a)(V)(A), (6), (8)(a)(III), 18–4–401(2)(c), C.R.S.2008. Contrary to defendant's assertion, section 18–1.3–301(1)(e), C.R.S.2008, does not require a different conclusion, because it applies only when the court does not hold a hearing before resentencing an offender terminated from community corrections.

We reject defendant's assertion that the sentence violates the terms of her plea agreement because it exceeds the stipulated six-year cap on any prison sentence imposed. *See People v. McDaniels,* 844 P.2d 1257 (Colo.App.1992). In *McDaniels,* as in this case, the defendant's original plea agreement contained a cap on the length of any prison sentence imposed. The defendant was sentenced to probation, but his probation was later revoked, and the trial court resentenced him to a prison term that exceeded the cap. The division rejected the argument that the sentence violated the terms of the plea agreement, concluding that "the defendant received the benefit of his plea agreement at the time of the initial sentencing," and "[f]ollowing the revocation of probation, a different factual predicate existed upon which sentence was imposed." *Id.* at 1258. Thus, the division construed section 16–11–206(5) to mean that once the original plea agreement had been complied with, a "defendant could properly be sentenced to any term of incarceration which might have originally been imposed under the sentencing statute, regardless of the terms of the plea agreement." *Id.*

■ Although *McDaniels* involved an initial sentence to probation, we conclude that the division's rationale in that case applies equally to the resentencing of offenders who have begun serving a direct sentence to community corrections but are later terminated from the program. Like the division in *McDaniels,* we conclude that, in the absence of language expressly addressing the contingency of revocation (or, in this case, termination) of a conditional sentence, a sentencing stipulation will not be construed as limiting the court's discretion in the event that the defendant fails to comply with the terms of the conditional sentence originally imposed. Moreover, given the clear language of section 18–1.3–301(1)(h), and the opinions in *Adams* and *Romero* tying that section to section 16–11–206(5), we reject defendant's arguments that the ruling in McDaniels has no bearing on this case and that applying the McDaniels holding here would be unconstitutional.

Defendant's plea agreement contained no explicit language covering the contingency of her termination from community corrections. She received the benefit of her bargain when she was initially sentenced to community corrections, and following her termination, "a different factual predicate existed" upon which the court could base its sentencing determination. *See McDaniels,* 844 P.2d at 1258. Thus, the court was no longer bound by the terms of the plea agreement, including the six-year sentencing cap. *See id.*

We decline to address defendant's claim that our conclusion could lead to an unfair result if she had been terminated from community corrections for no reason, and then sentenced to a prison term longer than that set forth in the plea agreement. Because defendant was terminated for cause, this argument is purely hypothetical. *See Robertson v. Westminster Mall Co.,* 43 P.3d 622, 628 (Colo.App.2001) (courts have no jurisdiction to decide a case on a speculative, hypothetical, or contingent set of facts).

The sentence is affirmed.

Judge CASEBOLT and Judge ROMÁN concur.