The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
February 11, 2021

## 2021COA13

## No. 18CA1360, *People v. Propst* — Criminal Law — Sentencing — Probation — Revocation — Resentencing

A division of the court of appeals considers whether a district court must impose a prison sentence, which was suspended as a condition of probation, upon a finding that the defendant violated probation. The division holds, contrary to the division in *People v. Frye*, 997 P.2d 1223 (Colo. App. 1999), but consistent with *Fierro v. People*, 206 P.3d 460 (Colo. 2009), that section 16-11-206(5), C.R.S. 2020, provides a sentencing court with the discretion to continue probation, revoke probation, or impose any sentence that it might originally have imposed. Accordingly, the sentence is vacated and the case is remanded for resentencing.

Court of Appeals No. 18CA1360
City and County of Denver District Court No. 17CR4675
Honorable Michael J. Vallejos, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Elisa M. Propst,

Defendant-Appellant.

SENTENCE VACATED AND CASE
REMANDED WITH DIRECTIONS

Division A
Opinion by JUDGE FREYRE
Fox and Lipinsky, JJ., concur

Announced February 11, 2021

Philip J. Weiser, Attorney General, John T. Lee, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Casey M. Klekas, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    In this sentence appeal, we are asked to decide whether a sentencing court, after accepting a plea agreement and imposing a suspended prison sentence conditioned on the successful completion of probation, has discretion to continue or revoke probation after finding a violation of probation.

¶ 2    Another division considered this question in *People v. Frye*, 997 P.2d 1223 (Colo. App. 1999) (relying on *People v. Seals*, 899 P.2d 359 (Colo. App. 1995)).  That case held that the suspended sentence was the original sentence and that upon finding a violation of probation, the court was required to impose the suspended sentence.  *Id.* at 1226.  We respectfully disagree with the *Frye* division and hold that section 16-11-206(5), C.R.S. 2020, and our supreme court's holding in *Fierro v. People*, 206 P.3d 460 (Colo. 2009), provide a sentencing court with the discretion to continue probation, revoke probation, or impose any sentence that it might originally have imposed.  We further hold that, under such circumstances, a sentencing court's decision not to impose a suspended sentence does not breach the parties' plea agreement.

¶ 3    Defendant, Elisa M. Propst, appeals her prison sentence following the court's finding of a probation violation.  She contends

1

that the court was not required to impose the suspended prison sentence (1) because of the plea agreement and (2) because the court retained the discretion to continue her on probation, reinstate probation with new terms, or sentence her to any sentence that it could originally have imposed. Because we agree, we vacate the sentence and remand the case for resentencing. On remand, the court should exercise its discretion to determine whether to continue probation, revoke and reinstate probation, or impose any other permitted sentence, including the suspended prison sentence.

## I. Background

¶ 4 The State originally charged Propst with one count of second degree assault and six counts of child abuse. The prosecutor and Propst negotiated a plea agreement allowing Propst to plead guilty to the assault charge in exchange for dismissal of the remaining charges. The parties also agreed to the following sentence concession: "Count 1 Assault in Second Degree + 90d DCJ w/ referral to RISE as condition of probation + 2y probation + 6y DOC suspended (no prior incarceration credit toward 90 days DCJ)." The district court accepted the plea agreement and sentenced Propst accordingly.

¶ 5     After completing her jail sentence, Propst reported to the Denver Probation Department.  She appeared for her second probation appointment on January 11, 2018, and was told that her intake appointment was scheduled for January 17, 2018.  Although she explained that she lived in Pueblo, probation advised her that she needed to attend the intake meeting in Denver before her probation could be transferred to Pueblo.  Lacking the funds to retrieve her car from impound or secure a ride to Denver, Propst did not appear for the original or rescheduled intake appointments.  Consequently, the probation department filed a complaint alleging that Propst failed to comply with the following condition of her probation: "I will report to my probation officer for appointments, as directed by the court or the probation office.  I understand that my probation officer can visit me at reasonable times at home or elsewhere.  I will provide probation safe access to my residence."  The probation department recommended that Propst's probation be revoked and that the suspended six-year prison sentence be imposed.

¶ 6     At the revocation hearing, Propst admitted missing the intake appointment.  She explained that she lived in Pueblo, was

3

indigent, and had no place to stay in Denver. She testified that her ride to Denver for the intake appointment fell through at the last minute. She did not have a vehicle or a driver's license, which precluded her from borrowing a car, and she could not find another ride to Denver. She also testified that she attempted to contact the probation department to reschedule her appointment, but she could not get ahold of anyone.

¶ 7 The sentencing court held multiple hearings to determine whether it had discretion to continue probation or was required to impose the suspended sentence. The prosecutor argued that the sentencing court was bound by the terms of the plea agreement that mandated imposition of the suspended prison sentence.

¶ 8 The defense argued that the court had discretion to continue probation for three reasons. First, the plea agreement did not require the suspended sentence to be imposed after the first violation. Second, *Fierro* held there was "no express limitation on the sentencing court's discretion in granting or imposing conditions for continued suspension." 206 P.3d at 462. And third, the revocation hearing statute, section 16-11-206(5), required the court, within seven days of the hearing, to revoke or continue

4

probation and permitted it, upon revocation, to impose any sentence or grant any probation that could originally have been imposed.

¶ 9    The court agreed with the prosecutor and reasoned that "when the Court accepts a plea agreement that has a suspended sentence that's negotiated with the parties, then the Court is bound by that agreement as well." It further believed that failing to impose the suspended sentence would violate the plea agreement and would allow the prosecutor to withdraw from that agreement. The court was not persuaded by *Fierro* because that case did not involve a plea agreement. It then sentenced Propst to six years in the custody of the Department of Corrections.

## II.    Sentencing Discretion

¶ 10    Propst contends the sentencing court legally erred by finding that it lacked the discretion to impose a sentence other than the suspended sentence, upon finding a probation violation. We agree.

### A.    Standard of Review and Applicable Law

¶ 11    The interpretation of a plea agreement is a legal question that we review de novo. *People v. Villela*, 2019 COA 95, ¶ 10.

¶ 12    Crim. P. 11 permits a defendant to plead guilty under an agreement with the prosecution.  The sentencing court retains the ultimate discretion to accept or reject any sentence concessions in the plea agreement.  *People v. Mazzarelli*, 2019 CO 71, ¶ 24.  Once the sentencing court formally accepts the plea agreement and is satisfied the defendant understands its terms, the court, like the defendant and the prosecutor, is "bound by the terms of the agreement and [cannot], absent proof of fraud or breach of the plea bargain, set the agreement aside."  *People v. Roy*, 109 P.3d 993, 995-96 (Colo. App. 2004) (quoting *United States v. Ritsema*, 89 F.3d 392, 402 (7th Cir. 1996)).

¶ 13    A defendant accused of violating probation is entitled to a hearing.  *See* § 16-11-206.  Upon a finding that the defendant violated a condition of probation, the court may "revoke or continue the probation.  If probation is revoked, the court may then impose any sentence or grant any probation . . . which might originally have been imposed or granted."  § 16-11-206(5).

¶ 14    A plea agreement may include a conditional sentence suspending the "imposition or execution of [a] sentence for such period and upon such terms and conditions as [the sentencing

6

court] may deem best." § 18-1.3-401(11), C.R.S. 2020. Colorado courts often apply general contract principles to interpret plea agreements. *See Mazzarelli*, ¶ 3. However, absent express language "addressing the contingency of revocation . . . of a conditional sentence, a sentencing stipulation will not be construed as limiting the court's discretion in the event that the defendant fails to comply with the terms of the conditional sentence originally imposed." *People v. Griego*, 207 P.3d 870, 872 (Colo. App. 2008).

## B.  Analysis

¶ 15    Propst does not dispute that she violated a condition of her probation. Rather, she contends the sentencing court misapprehended the scope of its discretion in resentencing her. Propst relies on *Mazzarelli* and *Fierro* to argue that the court had discretion under section 16-11-206(5) to continue her probation or to revoke and reinstate probation.

¶ 16    To begin, we find *Mazzarelli* distinguishable from this case. In *Mazzarelli,* the defendant pleaded guilty under a plea agreement, and the court accepted the plea. *Mazzarelli*, ¶ 9. However, the court then rejected the parties' sentence agreement and imposed a more lenient sentence. *Id.* at ¶¶ 10-11. Under these

7

circumstances, the supreme court found the application of general contract law principles inapplicable in analyzing the plea agreement. *Id.* at ¶ 26. It held that "when the [sentencing] court rejects a sentence concession in a plea agreement after accepting the defendant's guilty plea, the statute and rules do not permit the People to withdraw from the agreement." *Id.*

¶ 17 Unlike *Mazzarelli*, where the court accepted the defendant's plea but rejected the parties' sentence concession by imposing a more lenient sentence, the sentencing court here accepted Propst's guilty plea and followed the plea agreement. Thus, we reject Propst's reliance on *Mazzarelli* to argue that the sentencing court had the discretion to impose a different sentence. *See id.* at ¶ 3 n.2 ("Nothing in this opinion should be viewed as passing judgment on the appropriate remedy, if any, when a party breaches a plea agreement after the defendant has pled guilty.").

¶ 18 Nevertheless, we conclude that *Fierro* provided the sentencing court with the discretion to continue probation, revoke and reinstate probation, or revoke probation and impose any sentence that the court might originally have imposed. In *Fierro*, the district court imposed two suspended prison sentences on the condition

8

that the defendant successfully complete three years of probation. 206 P.3d at 461. Three years later, the court revoked the defendant's probation and resentenced her to three years in a community corrections program, rather than imposing the suspended prison sentences. *Id.* A division of this court reversed the sentence and found that the district court was required to impose the suspended prison sentence. *Id.* at 460. Our supreme court granted certiorari to consider whether this court erred by remanding for imposition of the original prison sentence. *Id.* at 461.

¶ 19 After a lengthy discussion detailing the history of the statutory interplay between probation and suspended prison sentences, the supreme court held, under section 18-1.3-401(11), that "the power to suspend a sentence complements, rather than supplants, a sentence to probation." *Id.* at 465. And "any requirements upon which the suspension of a sentence is conditioned must conform to the statutory requirements of and for probation; both revocation for violation of probationary conditions and resentencing upon such revocation are governed by the statutory provisions governing revocation of probation." *Id.* (citing § 16-11-206(5)). The court then

held that section 16-11-206(5) granted the district court the discretion to sentence the defendant to community corrections because that was a sentence the court could originally have imposed. *Id.* at 465-66.

¶ 20    As in *Fierro*, the sentencing court imposed a suspended six-year prison sentence on the condition that Propst successfully complete two years of probation. By imposing a sentence with a suspended prison term, the court did not cede its discretion to consider all the available sentencing options upon finding a violation of probation. Instead, the suspended sentence served to "notify [Propst] of the sentence that would be imposed but for the alternative of probation and to which [she] remain[ed] subject in the event of a violation of probationary conditions, without simultaneously rendering the sentence illegal and void." *Id.* at 465. Thus, the sentencing court had broad discretion to resentence Propst under section 16-11-206(5) and after finding she violated a condition of her probation. *See Villela*, ¶ 16.

¶ 21    We are not persuaded otherwise by the People's reliance on *Frye*. In *Frye*, the district court sentenced the defendant, under a plea agreement, to sixteen years in prison, suspended on the

condition of his successful completion of twenty-five years of probation. 997 P.2d at 1224. Following a revocation hearing, the district court revoked probation and imposed the suspended sentence. *Id.* at 1225. On appeal, the defendant challenged the legality of the suspended sentence under section 16-11-101(1), C.R.S. 1999, and he argued that section 16-11-206(5) gave the court discretion to impose any sentence that could originally have been imposed. *Frye*, 997 P.2d at 1225. The division rejected his arguments and held that the suspended sentence constituted the original and final sentence and, thus, that the court was required to impose the suspended sentence. *Id.* at 1226-27 (relying on *Seals*, 899 P.2d at 361). It then found section 16-11-206(5) inapplicable where probation was imposed as a condition of a suspended sentence. *Id.* at 1226.

¶ 22 While *Frye* technically remains good law, *Fierro* called its holding into doubt. *Fierro*, 206 P.3d at 464. In discussing the sentencing statutes, the supreme court found it difficult to discern any legislative intent in the language of sections 18-1.3-401(11) and 16-11-206(5) that would allow "sentencing courts on their own initiative, *or defendants and prosecutors through plea negotiations,*

11

to limit the court's obligation to fairly consider all available sentencing options, at the time of a violation of conditions of probation." *Id.* at 464-65 (emphasis added). It reasoned that in cases where probation is a permissible alternative, "little purpose could be served by construing suspension as a sentencing alternative separate and distinct from probation." *Id.* at 465.

¶ 23 Because the supreme court's reasoning is equally applicable here, we hold, contrary to *Frye*, that section 16-11-206(5) apply where probation is imposed as a condition of a suspended sentence. We further hold that it is inconsequential whether the suspended sentence was imposed under a plea agreement. The plea agreement here contains no specific language that addresses the probation violation contingency. Absent such language, the court retained broad discretion to resentence Propst to any sentence that it could originally have imposed under section 16-11-206(5). *See Griego*, 207 P.3d at 872; *People v. McDaniels*, 844 P.2d 1257, 1258 (Colo. App. 1992).

¶ 24 Finally, the People contend that if the sentencing court is permitted to impose a sentence other than the suspended six-year prison sentence, such sentence would breach the plea agreement

12

and allow them to withdraw from the plea agreement and reinstate the original charges. We are not persuaded.

¶ 25 The prosecution may only withdraw from a plea agreement and reinstate the original charges when there is a material and substantial breach of the agreement. *Keller v. People*, 29 P.3d 290, 298 (Colo. 2000). But because we have concluded that section 16-11-206(5) grants the court the discretion to impose any sentence that could originally have been imposed upon a probation revocation, the imposition of a lawful sentence other than prison would not constitute a material and substantial breach of the plea agreement.

¶ 26 Accordingly, we conclude the sentencing court legally erred by finding that it lacked the discretion to impose any sentence other than the suspended six-year prison sentence.

## III. Conclusion

¶ 27 The sentence is vacated, and the case is remanded for resentencing on the probation violation.

JUDGE FOX and JUDGE LIPINSKY concur.